**Joseph Carrole ROLLAND, Petitioner-Appellee,**

v.

**PEOPLE of the STATE OF MICHIGAN, and Perry M. Johnson, Warden, Michigan State Penitentiary, Respondents-Appellants.**

No. 71-1122.

United States Court of Appeals,
Sixth Circuit.

April 15, 1971.

Frank J. Kelley, Atty. Gen., Peter Houk, Asst. Atty. Gen., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Sol. Gen., Lansing, Mich., for appellants.

M. Gerald Schwartzbach, Sienna Schneider, Detroit, Mich., for appellee.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of Michigan granting a writ of habeas corpus and discharging appellee from the custody of the State of Michigan unless he shall be retried within thirty days, because his conviction was obtained in violation of his constitutional rights. 28 U.S.C. § 2254. A panel of the court has been convened at the direction of the Chief Judge to consider whether the appeal should be decided without further argument under Rule 8 or Rule 9 of this court.

Rolland was tried in the Recorders Court for the City of Detroit, Michigan for murder in the first degree. He was convicted on September 26, 1966, and sentenced to serve a term of life imprisonment. During his murder trial, the judge ruled that incriminating in-custody statements by appellee had been obtained in violation of his constitutional rights and were therefore inadmissible as evidence against him to prove the offense charged. However, after appellee testified in his own behalf, the court allowed the prosecution to introduce portions of the previously excluded confession to impeach him. After exhausting all available means of appeal in the state courts, appellee filed a petition for a writ of habeas corpus on June 12, 1970, alleging that he had been convicted in violation of his constitutional privilege against self-incrimination.

The District Court below ruled, in Rolland v. People, 320 F.Supp. 1195 (E.D. Mich.1970), that the admission of the illegally obtained statements was erroneous under the Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Subsequently, the Supreme Court decided Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), in which it held that a reliable uncoerced statement by a defendant which *Miranda* makes inadmissible against him in the prosecution's case in chief may be admitted during cross-examination of the defendant to impeach his credibility.

Upon consideration, since it appears that the Supreme Court's decision in *Harris, supra,* may be controlling, the order of the District Court is vacated and the case is remanded for reconsideration in light thereof. 6th Cir. R. 8.

Vacated and remanded.