Joseph Carroll **ROLAND**, Petitioner-Appellant,

v.

**PEOPLE OF the STATE OF MICHIGAN**, Respondent-Appellee.

No. 72–1907.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 15, 1973.

Decided March 21, 1973.

———◆———

Joseph Carroll Roland, in pro. per.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Stewart H. Freeman, Asst. Sol. Gen., Lansing, Mich., on brief, for respondent-appellee.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

The petitioner, Joseph C. Roland, appeals from an order of the United States District Court for the Eastern District of Michigan, denying his petition for the writ of habeas corpus. Petitioner was convicted of first degree murder in a Michigan court in 1966. Having exhausted his state remedies, he filed his petition in the court below for habeas corpus and an order was entered granting the relief sought upon the ground that the petitioner's credibility had been impeached in the state court trial by the use of a confession which had been obtained from the petitioner without advising him with respect to his *Miranda* rights. Roland v. People of State of Michigan, 320 F.Supp. 1195 (E.D.Mich. 1970). On appeal this Court remanded the case for reconsideration in light of the Supreme Court's ruling in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), which was decided while the case was pending in this Court on appeal. Roland v. People of State of Michigan, 439 F.2d 1203 (6th Cir. 1971). Upon remand, the district court dismissed the petition in an unpublished opinion. The petitioner then filed a new petition in the district court resulting in the entry of an order of dismissal from which the present appeal was taken.

The sole question presented on appeal is whether in a criminal case it is permissible for the state to undertake to impeach the credibility of a defendant by a confession obtained from him without warning him as to his rights in accordance with the Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Upon consideration, we are of the opinion that the exact issue presented by this appeal was decided adversely to the petitioner's position in Harris v. New York, *supra*. The Supreme Court there held that although a confession obtained in violation of the principles of *Miranda* may not be used against the defendant in the prosecution's case in chief, it may nevertheless be used for impeachment purposes to attack the credibility of the defendant on cross-examination. That was the sole use made of the confession in the instant case.

The judgment of the district court dismissing the petition for habeas corpus is therefore affirmed.